United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GUILLERMO A. BRAN,<br><br>    Petitioner,<br><br>v.<br><br>C. KOEING,<br><br>    Respondent. | Case No. 18-cv-02288-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 1 |

## INTRODUCTION

Guillermo A. Bran, a prisoner housed at the Correctional Training Facility in Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 2.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to file an answer to the petition.

## STATEMENT

The petition provides the following information: Pursuant to a guilty plea, Mr. Bran was convicted of a violation of California Penal Code § 288(b)(1) (lewd and lascivious act on a child

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 18-cv-02288-LB

1  "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury"). He
2  was sentenced on an unstated date (apparently in 2017) to a term of five years in state prison.

Mr. Bran did not appeal. He recently filed a petition for writ of habeas corpus in the California Supreme Court; that petition is pending.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges that Mr. Bran's right to the effective assistance of counsel was violated because counsel failed to advise Mr. Bran "not to sign the plea offer without knowing first whether or not" the plea would be treated as an *Alford* plea. (ECF No. 1 at 5.) "An *Alford* plea is a plea of guilty in which the defendant maintains his innocence. An *Alford* plea differs from a nolo plea in that a defendant pleading nolo contendere takes no position on guilt or innocence, whereas a defendant entering an *Alford* plea takes the position that he is not guilty." *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009) (citations omitted). Liberally construed, the claim is cognizable in a federal habeas action.

Mr. Bran requests that he be released on bail during the pendency of the habeas action. (ECF No. 1 at 8.) It remains undecided in the Ninth Circuit whether a prisoner may be released on bail during the pendency of his district court habeas action. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). Assuming *arguendo* that the district court has the authority to release a state prisoner on bail pending resolution of a habeas proceeding, such a release could occur only in an "'extraordinary case[] involving special circumstances or a high probability of success.'" *See id.* (*quoting Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)); *see, e.g., id.* at 1079-80 (district court erred in releasing prisoner on bail during the pendency of his district court habeas proceeding because allegations of actual innocence, failing health, discovery abuses by opponent and

available lodging did not satisfy the *Land* standard for release). Like *Roe*, this court need not decide whether release pending resolution of a habeas proceeding is allowable because Mr. Bran has not met the demanding standard for any such release. His is not an extraordinary case, and he has not shown that special circumstances exist or that he has a high probability of success in this action. Although he may have signed an "advisement of rights, waiver, and plea form - felony" before learning whether the district attorney would agree to an *Alford* plea, there are no allegations that, at the time he actually entered his guilty plea that he was unaware that his guilty plea was not an *Alford* plea. The documents attached to the petition indicate that, before the guilty plea actually was entered in court, Mr. Bran's counsel had received the district attorney's unequivocal refusal to offer an *Alford* plea. It thus does not appear that Mr. Bran has a high probability of success on the merits. The request for release on bail is denied.

Mr. Bran also requests relief from the upcoming removal proceedings. He states that he was visited by ICE officials in prison on January 18, 2018, who informed him that he has a pending ICE warrant due to his felony conviction. (ECF No. 1 at 7.) The ICE officials also allegedly informed him that, after serving his sentence, he would have to see an immigration judge to fight his possible removal. (*Id.*) Mr. Bran asks the court to stop those upcoming proceedings. Mr. Bran's allegations indicate the he does not meet the custody requirement to assert a challenge to any future immigration proceedings. *See Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995) ("'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'") Moreover, the federal court cannot entertain a challenge to the decision or action by the Attorney General to commence removal proceedings. *See Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 485-87 (1999); 8 U.S.C. § 1252(g). Mr. Bran's request for a stay of removal proceedings until his habeas petition challenging his state court conviction is decided is denied.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **July 2, 2018**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **July 30, 2018.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 1, 2018

_____
LAUREL BEELER
United States Magistrate Judge