UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO A. BRAN,<br><br>   Petitioner,<br><br>  v.<br><br>C. KOEING,<br><br>   Respondent. | Case No. 18-cv-02288-EMC<br><br>**ORDER TO STAY AND ADMINISTRATIVELY CLOSE THE ACTION**<br><br>Docket Nos. 15, 19 |

  Guillermo A. Bran filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2017 conviction in the Santa Clara County Superior Court for forcible lewd and lascivious conduct on a child under age 14. The matter is now before the Court to determine whether the action should be stayed or dismissed.

  The only cognizable claim in the federal petition for writ of habeas corpus is a claim of ineffective assistance of counsel with regard to the guilty plea entered that led to Mr. Bran's conviction. Mr. Bran unsuccessfully presented that claim to the California Supreme Court before filing his federal habeas petition, thereby exhausting state court remedies for the claim. Collateral review proceedings are currently pending in the Santa Clara County Superior Court, however, on Mr. Bran's recently-filed motion to vacate his conviction based on ineffective assistance of counsel and newly discovered evidence showing actual innocence. Although the superior court rejected his ineffective assistance of counsel claim, it appointed counsel for him on the actual innocence claim and that actual innocence claim has not yet been adjudicated in the superior court.

  Mr. Bran has moved for a stay of the federal habeas proceedings so that he may fully litigate his claims in the state courts before, if necessary, going forward with them in this federal habeas action. Respondent has opposed that motion for a stay, and urges instead that the Court

should apply the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), to dismiss this action because of the pendency of the state court proceedings.

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. The *King/Kelly* stay is the second kind of stay and is an alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King,* 564 F.3d at 1141-43.

Mr. Bran is not entitled to a *Rhines* stay because he does not show that there is a potentially meritorious federal claim that was not exhausted before he filed his federal habeas petition. His case is in an odd posture because it is the actual innocence claim that is unexhausted, yet his actual innocence claim is not potentially meritorious as a federal habeas claim.[1] But that

---

[1] "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). It is "still an open question" whether federal habeas relief is available based on a freestanding claim of actual innocence. *Taylor v. Beard,* 811 F.3d 326, 334 (9th Cir. 2016) (en banc) (citing *McQuiggin v. Perkins,* 569 U.S. 383, 393 (2013)). Given the lack of a holding from the U.S. Supreme Court

2

claim may support relief in the pending state proceedings, where that court is not constrained by the limits of § 2254(d).

A *King/Kelly* stay is less demanding than a *Rhines* stay, and the only currently applicable requirement for a *King/Kelly* stay is that the petition sought to be stayed has no unexhausted claims. Mr. Bran's petition satisfies that requirement. The *King/Kelly* stay determination does not appear to require the federal court to determine that the unexhausted claim(s) are potentially meritorious. Whether the new claim(s) that Mr. Bran intends to exhaust will relate back to the petition and/or comply with the statute of limitations can be decided when he returns after exhausting state court remedies and moves to amend his petition to add the newly-exhausted claim(s). The Court will grant a *King*/*Kelly* stay so that Mr. Bran may exhaust state court remedies for claims he wishes to present to this Court. Mr. Bran must diligently pursue his state court remedies regarding his claims, and must return to federal court within thirty days of a final decision by the state courts on the claim(s). *See Kelly*, 315 F.3d at 1070

Mr. Bran's motion for a stay and abeyance is **GRANTED**. Docket No. 19. After Mr. Bran concludes his state court efforts to exhaust his new claim(s), he may file in this Court a motion to file an amended federal petition in which he presents all his claims, including the new claim(s).

Respondent's motion to dismiss the action under the *Younger* abstention doctrine is **DENIED**. Docket No. 15. Because the action is being stayed to allow Mr. Bran to exhaust his state court remedies, dismissal based on the very fact of those state court proceedings is unwarranted.

For the foregoing reasons, this action is now **STAYED** and the clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until

---

that there is a constitutional right to release based upon a showing of actual innocence, a state court's rejection of such a claim could not be said to be "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). Although allegations of actual innocence do not independently support federal habeas relief, they have a useful procedural purpose in a federal habeas action, i.e., a petitioner may establish a procedural gateway permitting review of a successive, abusive, procedurally defaulted, or untimely claim if the petitioner demonstrates actual innocence. *See McQuiggin*, 569 U.S. at 392-93.

3

Mr. Bran exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the stay and amend his petition to add the newly exhausted claim(s).

This order disposes of Docket Nos. 15 and 19.

**IT IS SO ORDERED**.

Dated: October 22, 2018

_____
EDWARD M. CHEN
United States District Judge